**MORAINE INDUSTRIAL SUPPLY, INC., Harold W. Leach, Richard A. Perkins, Plaintiffs–Appellants,**

v.

**STERLING RUBBER PRODUCTS CO., Defendant–Appellee.**

No. 89–3518.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 10, 1989.

Decided Dec. 6, 1989.

Mark R. Chilson, Gale S. Finley, Dayton, Ohio, for plaintiffs-appellants.

David C. Greer, Geoffrey P. Walker, Bieser, Greer & Landis, Dayton, Ohio, Gregory A. Adamski, Chicago, Ill. for defendant-appellee.

Before KEITH, MILBURN and NORRIS, Circuit Judges.

KEITH, Circuit Judge.

Plaintiffs, Moraine Industrial Supply, Inc., Harold W. Leach ("Leach") and Richard A. Perkins ("Perkins") (collectively "Moraine"), appeal from an order of the district court granting the motion of defendant, Sterling Rubber Products Company ("Sterling"), to extend the expiration date of a preliminary injunction. The injunction enforces the noncompetition clauses in employment agreements (hereinafter the "noncompetition agreements") between Sterling and its former employees, Leach and Perkins, who resigned and formed a competitive business, Moraine. Because the extended injunction continues beyond the expiration date of the noncompetition agreements, we REVERSE the order of the district court.

## I.

On April 21, 1986, Moraine filed this action seeking a declaratory judgment that the noncompetition agreements between Leach, Perkins and Sterling are void. Moraine alleged that Sterling engaged in an unlawful conspiracy and the restraint of trade, in violation of the Sherman Act, 15 U.S.C. §§ 1, 4 and 5. Sterling counterclaimed, arguing that Leach and Perkins violated the noncompetition agreements, and as former officers of Sterling, breached their common law fiduciary duties by establishing Moraine. On April 22, 1986, Sterling moved for a preliminary injunction to enforce the noncompetition agreements.

The district court overruled Sterling's motion for a preliminary injunction on October 2, 1986. Sterling filed a timely notice of appeal with this court on October 15, 1986. By order entered December 15, 1986, this court granted an injunction pending appeal. On April 15, 1987, this case was remanded to the district court for the purpose of setting a bond. After Sterling posted the bond ordered by the district court, the injunction pending appeal became effective on June 2, 1987.

On November 3, 1987, this court reversed the October 2, 1986, order of the district court and directed it to enter a preliminary injunction as prayed for by Sterling. *Moraine Industrial Supply, Inc. v. Sterling Rubber Products Co.*, 831 F.2d 1064 (6th Cir.1987) (unpublished per curiam). Because the parties failed to agree on the parameters of a preliminary injunction, the district court did not file a new order. The parties continued to operate under the injunction that was issued on June 2, 1987.

Sterling filed, on April 18, 1989, a motion asking the district court to designate June 2, 1990, as the termination date for the preliminary injunction. In response, Moraine moved the court to issue an order that terminates the preliminary injunction against it effective April 14, 1989. In support of its motion, Moraine explained that the noncompetition agreements upon which the injunction was based provided that Leach and Perkins would not compete against Sterling for a preiod of three years after the termination of their employment. Since Leach and Perkins effectively resigned from Sterling on April 14, 1986, the three year term of the noncompetition agreements ended on April 14, 1989. Thus, argued Moraine, the preliminary injunction also should not extend beyond April 14, 1989.

On April 28, 1989, the district court "overrul[ed]" Moraine's motion for termination of the preliminary injunction, and ordered that the preliminary injunction "re-

main in full force and effect until June 2, 1990, or until the disposition of the [case] on the merits, whichever date occurs sooner." *Moraine Industrial Supply, Inc. v. Sterling Rubber Products Co.*, No. C–3–86–169 (S.D. Ohio Apr. 28, 1989) (unpublished order extending preliminary injunction). Moraine filed a timely notice of appeal with this court on May 26, 1989.

## II.

### A.

■ Our jurisdiction over the present appeal has been granted by 28 U.S.C. § 1292. Section 1292 provides that "the courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory orders of the district courts of the United States ... or the judges thereof, granting, *continuing*, modifying, refusing or dissolving injunctions, or *refusing to dissolve* or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1292(a)(1) (emphasis added). Moraine appeals from the April 28, 1989, order of the district court which overruled Moraine's motion for termination of the preliminary injunction and extended the injunction until the earlier of June 2, 1990, or the disposition of the case on the merits. Thus, because the present appeal involves an interlocutory order of a district court *continuing* an injunction and *refusing to dissolve* an injunction, our jurisdiction over this appeal stands firmly upon 28 U.S.C. § 1292.

In reviewing the district court's order extending the preliminary injunction, our task is limited to determining if the lower court abused its discretion. *See Gaston Drugs, Inc. v. Metropolitan Life Insurance Co.*, 823 F.2d 984, 988 (6th Cir.1987). In *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354 (6th Cir.), *cert. denied*, 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985), we explained that a "district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." 753 F.2d at 1356 (citations omitted).

### B.

■ On appeal, Moraine contends that the district court should not have extended the preliminary injunction to enforce the restrictive noncompetition agreements after the restrictive period, by its own terms, had expired. Because the preliminary injunction was issued to enforce the noncompetition agreements that expired on April 14, 1989, Moraine argues that the district court erred in extending the preliminary injunction until June 2, 1990. We agree.

In *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405 (9th Cir.1979), the Ninth Circuit observed that when considering the question at bar, a substantial majority of courts have declined "to grant an injunction to enforce an agreement by a former employee not to compete after the period during which the employee agreed not to compete." *Id.* at 408. *See also Olin Water Services v. Midland Research Laboratories, Inc.*, 774 F.2d 303, 305 (8th Cir.1985) ("Because injunctive relief was premised on the contractual agreement between [the employer and the employee], and that agreement has expired on its own terms, there is no possibility of future injunctive relief, preliminary or permanent, being imposed against [the employee] on this ground."); *Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp.*, 746 F.2d 251, 253 n. 1 (5th Cir.1984) (where the parties failed to provide for tolling of a noncompetition agreement upon legal delay, the court refused to extend the injunction beyond the stated term of the agreement); *A–Copy, Inc. v. Michaelson*, 599 F.2d 450, 452 (1st Cir.1978) ("[W]hen the period of restraint has expired, even when the delay was substantially caused by the time consumed in legal appeals, specific relief is inappropriate and the injured party is left to his damages remedy.").

The Second Circuit has also prohibited injunctive relief beyond the expiration date of a noncompetition agreement. *See De-Long Corp. v. Lucas*, 176 F.Supp. 104 (S.D. N.Y.1959), *aff'd*, 278 F.2d 804 (2d Cir.1960), *aff'd*, 364 U.S. 833, 81 S.Ct. 71, 5 L.Ed.2d 58 (1960). In that case, after a two-year noncompetition agreement had expired, the

employer, DeLong, sought an injunction to prevent a former employee, Lucas, from engaging in competitive activities. The district court held:

> DeLong is not entitled to such relief. The agreement not to disclose such confidential matter[s] for a period of two years plainly relieved Lucas from such restriction when the two years had expired. Thereafter he was under no such restriction and to impose continuing restraint upon him would not be in accordance with the agreement, nor would the result be equitable.

*DeLong,* 176 F.Supp. at 126.

In the case at bar, the parties do not dispute the April 14, 1989 expiration date of the original noncompetition agreements between Sterling and its former employees, Leach and Perkins. Thus, the foregoing authorities persuade us to hold: first, that the preliminary injunction only should have been granted until April 14, 1989; and second, that the district court abused its discretion and erred, as a matter of law, in extending the expiration date of the preliminary injunction until June 2, 1990 or the disposition of the case on the merits. We observe, without so holding, that if Leach and Perkins violated the noncompetition agreements prior to April 14, 1989, then Sterling can bring an action for damages in district court. However, if Sterling wanted judicially enforced specific performance of the noncompetition agreements after their stated expiration date, then Sterling should have expressly provided for such relief in the original noncompetition agreements.[1]

Accordingly, the April 28, 1989, order of the district court is REVERSED, and REMANDED for further proceedings consistent with this opinion.

---

**1.** We find Sterling's other arguments on appeal to be unpersuasive. First, Sterling argues that the extended preliminary injunction should stand because it was based on factors other than the noncompetition agreements. This court, however, previously directed the district court to issue the preliminary injunction solely to enforce the noncompetition agreements. This court concluded that:

> The employees, Leach and Perkins, signed agreements in which their relationship with the employer was converted from employment at will to employment for a specific term during which they could be discharged only for good cause. This was ample consideration to support the agreement in which they covenanted not to compete with their employer for *three* years after leaving their employment.

*Moraine Industrial Supply, Inc. v. Sterling Rubber Products Co.,* 831 F.2d 1064 (6th Cir.1987) (unpublished per curiam) (emphasis added). Second, Sterling correctly argues that the district court has broad discretion to grant, deny, modify and continue injunctions. Sterling, however, has failed to cite any authority that grants a district court the power to specifically enforce a contract beyond the expiration date contained in the terms of the contract.

