**Marilyn L. HUDSON, Plaintiff–Appellee,**

v.

**William P. BARR, Defendant–Appellant.**

No. 92–6162.

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 2, 1993.

Decided Aug. 30, 1993.

---

David H. Shapiro, Joseph B. Scott (briefed), Kator, Scott & Heller, Washington, DC, Herbert S. Moncier, Sovran Bank Center, Knoxville, TN, for Marilyn L. Hudson.

Stuart M. Gerson, William Kanter, U.S. Dept. of Justice, Civ. Div., Appellate Staff, Anne M. Gulyassy, U.S. Dept. of Justice Civ. Div., Washington, DC, Henry D. Gabriel (briefed), U.S. Dept. of Justice Civ. Div., Appellate Staff, Mark B. Stern, U.S. Dept. of Justice Civ. Div., Washington, DC, for William P. Barr.

Before: KEITH and KENNEDY, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Defendant-appellant William P. Barr ("Barr"), former Attorney General of the United States, challenges the district court's decision to indefinitely continue a restraining order without consent. We dissolve the restraining order and instruct the district court to conduct a preliminary injunction hearing without further delay for the following reasons.

I.

Plaintiff-appellee Marilyn L. Hudson ("Hudson"), an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of Tennessee, filed employment discrimination charges (sex discrimination and harassment) with the Department of Justice on or about June 1, July 26, October 24, and November 13, 1991, pursuant to Title VII of the Civil Rights Act of 1964. On November 20, 1991, the Department of Justice's Executive Office for United States Attorneys ("Executive Office") notified Hudson that she was being placed on paid administrative leave and recommended that Hudson be removed from her position.

On December 11, 1991, Hudson filed a petition in district court seeking a temporary restraining order and preliminary injunction "enjoining, preventing and restraining the Defendant and his agents from engaging in any further acts of discrimination, retaliation, reprisal and/or harassment against the Plaintiff, terminating her employment and/or her pay, until such time as a decision is rendered on her Title VII complaint and grievance." Hudson's Petition for Temporary Restraining Order and Preliminary Injunction at 12.

Following a brief hearing, the district court granted the temporary restraining order on December 11, 1991, pending a preliminary injunction hearing scheduled for December 20, 1991. On December 31, 1991, the parties agreed to continue the preliminary

injunction hearing until January 21, 1992, and agreed that the temporary restraining order would remain in effect:

> Plaintiff Marilyn L. Hudson ("plaintiff") and defendant William P. Barr, Attorney General of the United States of America ("defendant") hereby agree as follows:
>
> 1. Pending a hearing on plaintiff's request for a preliminary injunction, defendant agrees to an extension of the Temporary Restraining Order entered herein and will refrain from taking any adverse employment action against plaintiff.
>
> 2. Defendant agrees that plaintiff will remain in non-duty status with full pay until further order of this Court.
>
> 3. Defendant's opposition to plaintiff's Petition for Temporary Restraining Order and Preliminary Injunction shall be due January 6, 1992.
>
> 4. Plaintiff's reply to defendant's brief in opposition shall be due January 14, 1992.
>
> 5. The parties shall exchange on January 7, 1992 lists of witnesses reasonably expected to be called for the preliminary injunction hearing. The parties shall exchange supplementary witness lists on January 10, 1992.
>
> 6. Plaintiff's request for a preliminary injunction shall be heard on January 21, 1992 at 9:00 a.m. at the United States Courthouse, in Greeneville, Tennessee.

December 31, 1991 Consent Order at 1–2.

Prior to the January 21, 1992 scheduled hearing, the parties informally agreed to reschedule the preliminary injunction hearing for April 9, 1992. Though the government contends that, as part of this informal agreement, it "consented to the continuation of the temporary restraining order until April 9, 1992," Appellant's Brief at 4, Hudson maintains that the government "reiterated its consent that the temporary restraining order was continuing until the preliminary injunction motion could be heard." Appellee's Brief at 4.

On or about January 24, 1992, the Executive Office rescinded Hudson's administrative leave and permitted her to return to work. The Executive Office noted, however, that it had referred the matter to the Department of Justice's Office of Professional Responsibility which would be conducting its own independent investigation.

On February 13, 1992, the district court ordered that Hudson show cause why her request for preliminary injunctive relief should not be dismissed as moot. On February 19, 1992, the government moved to dismiss Hudson's Petition for Injunctive Relief "for lack of jurisdiction over the subject matter on the ground that plaintiff's request for relief has become moot." Defendant's February 19, 1992 Motion to Dismiss. After Hudson requested an extension of time to respond to the district court's show cause order and the defendant's motion to dismiss, the district court issued a new briefing schedule which superseded the preliminary injunction hearing set for April 9, 1992. Though the district court did not establish a new date for the hearing, the court scheduled a status conference on May 11, 1992.

On April 15, 1992, the district court discharged the show cause order and denied the government's motion to dismiss after finding that there was a possibility of retaliation against Hudson during the pendency of the Office of Professional Responsibility's investigation.

Following the May 11, 1992 status conference, the district court: issued a pretrial order identifying the issues to be litigated; scheduled the preliminary injunction hearing for December 9, 1992; and, noted (in relevant part):

> III(k). Ms. Hudson filed this action for injunctive relief on December 11, 1991. On that date, the Court granted preliminary relief preserving the status quo and enjoining the defendant from "taking any adverse employment action" against plaintiff pending a hearing on whether a preliminary injunction should issue. With the permission of the Court, the parties subsequently adjourned the date for the preliminary injunction hearing and, thereafter, on December 31, 1991, filed a consent order agreeing to continue the terms of the temporary restraining order pending a hearing on plaintiff's request for preliminary injunctive relief on January 21, 1992. That hearing was subsequently adjourned.

June 4, 1992 Order Governing Preliminary Injunction at 3–4.

In her exceptions to the order, Hudson asked the district court to declare that the temporary restraining order originally granted on December 11, 1991 was still in effect. The government opposed Hudson's request noting that the temporary restraining order had lapsed. Alternatively, the government asked the district court to dissolve the temporary restraining order if the court determined that it was still in effect. On July 17, 1992, the district court issued an order noting (in relevant part):

> On June 4, 1992, this Court issued an "Order Governing Preliminary Injunction" supplanting the original pretrial order in this case and attempting to reconcile the parties' various objections to the original pretrial order. Plaintiff Hudson has filed two objections to "stipulations" in the June 4th Order.
>
> . . . .
>
> Second, while Ms. Hudson does not object to the way Paragraph III(k) is currently worded, she notes that the language offered by defendant Barr no longer makes it clear that the temporary restraining order entered on December 11, 1991, continues in effect until Ms. Hudson's motion for a preliminary injunction is heard.
>
> At the time the Court responded to the objections to the pretrial order, it did not recognize that Barr's suggested change to III(k) was somehow intended to undo previous decisions in this case. Apparently this was the case, however, because, in response to Ms. Hudson's filing, the defendant is now arguing that the restraining order "lapsed months ago."
>
> Paragraph II(k) [sic] in the "Order Governing Preliminary Injunction" will remain as is. However, lest there be any confusion on this question, the parties are ADVISED that the temporary restraining order entered on December 11, 1991, remains in effect pending the hearing on the plaintiff's request for a preliminary injunction.

July 17, 1992 Order at 1–2.

The government filed its timely notice of appeal on September 9, 1992, challenging the district court's decision to extend the temporary restraining order beyond July 1992.

## II.

### *Jurisdiction*

The government initiated this interlocutory appeal to dissolve the injunctive order pursuant to 28 U.S.C. § 1292(a)(1) which provides: "[T]he courts of appeals shall have jurisdiction of appeals from [i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

This court previously rejected Hudson's motion to dismiss this appeal for lack of jurisdiction:

> The parties' stipulations to extend the temporary restraining order in this case in effect converted it to a preliminary injunction. *See United States v. Bayshore Associates, Inc.*, 934 F.2d 1391 (6th Cir.1991). The district court's order of July 17, 1992, from which the defendant appeals, falls within those orders appealable under 28 U.S.C. § 1292(a), because it has the effect of continuing the injunction. In that order, the district court denied the government's request for dissolution of the injunction. Accordingly, this court has jurisdiction in Case No. 92–6162, and the motion to dismiss is denied.

*Hudson v. Barr*, Order in Case Nos. 92–6162 & 92–6513 (6th Cir. Dec. 17, 1992). Pursuant to this court's previous order, we clearly have jurisdiction to entertain this appeal.

### *Substantive Discussion*

The governing Federal Rule of Civil Procedure provides (in relevant part):

> Every temporary restraining order ... shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension

shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Fed.R.Civ.P. 65(b).

Though Hudson correctly notes that "[t]he continuance of the preliminary injunction hearing has been the result of various developments during the course of the year since the initial motion for a temporary restraining order and permanent injunction was filed," Appellee's Brief at 3, including, most recently, the recusal of all Eastern District of Tennessee judges, and the decision to assign this case to Judge Todd of the Western District of Tennessee, we do not agree with Hudson's claim that the government previously "agreed that the temporary restraining order should remain in effect until the hearing on the preliminary injunction motion" without regard to the repeated postponements. Appellee's Brief at 9.

After the district court issued the temporary restraining order on December 11, 1991, Hudson and the government agreed to continue the preliminary injunction hearing until January 21, 1992, and agreed that the temporary restraining order would remain in effect until further order of the district court. The parties thereafter agreed to reschedule the preliminary injunction hearing. The government concedes that, as part of the informal agreement, it consented to the continuation of the temporary restraining order until the

scheduled April 9, 1992 hearing. Unfortunately, the April 9, 1992 hearing was rescheduled for December 9, 1992, nearly one year after Hudson obtained the temporary restraining order.

■ In *Sims v. Greene,* 160 F.2d 512 (3d Cir.1947), the Third Circuit addressed a similar situation. In *Sims,* the district court issued a temporary restraining order on December 2, 1946. Though the defendant agreed to extend the temporary restraining order until January 14, 1947, he refused to extend the order any further and, on January 17, 1947, the defendant moved to dissolve the temporary restraining order. The Third Circuit ordered the district court to immediately conduct the preliminary injunction hearing:

> When a restraining order, purporting to be "temporary" is continued for a substantial length of time past the [statutory] period ... without the consent of the party against which it issued and without the safeguards prescribed by Rule 65(b) it ceases to be a "temporary restraining order" within the purview of that section and becomes a preliminary injunction which cannot be maintained unless the court issuing it sets out the findings of fact and the conclusions of law which constitute the grounds for its action as required by Rule 52(a).

> In our opinion the restraining order now in effect in the District Court must be treated as a temporary injunction, issued without the consent of the defendant, in the face of his motion to dissolve it[.] The appeal at bar therefore may not be dismissed and the order restraining the defendant must be reversed. Our conclusions in this regard, however, are not intended to indicate that the court below may not enter a temporary injunction ... if the facts and the law warrant such a course.

160 F.2d at 517. Though the instant facts differ in that the Attorney General did not consent to a specific date, he clearly intended that the temporary restraining order extend until April 9, 1992, the date scheduled for the preliminary injunction hearing. The Attorney General moved to dissolve the temporary restraining order, though uncertain if it was still in effect, on July 6, 1992, when the

government filed "Defendant's Opposition to Request by Plaintiff Hudson for Clarification and Exception to Order Governing Preliminary Injunction." Accordingly, we see little reason to depart from the Third Circuit's reasoning and conclusion.

Though much of the relevant authority concerns the right to file an interlocutory appeal from a temporary restraining order (as addressed by the Order previously entered in this case), the case law implicitly supports our conclusion. In *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, the Supreme Court held:

> [O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.
>
> . . . .
>
> It would be inconsistent with this basic principle to countenance procedures whereby parties against whom an injunction is directed are left to guess about its intended duration. Rule 65(b) provides that temporary restraining orders expire by their own terms within 10 days of their issuance. Where a court intends to supplant such an order with a preliminary injunction of unlimited duration pending a final decision on the merits or further order of the court, it should issue an order clearly saying so. And where it has not done so, a party against whom a temporary restraining order has issued may reasonably assume that the order has expired within the time limits imposed by Rule 65(b).

415 U.S. 423, 444–45, 94 S.Ct. 1113, 1126–27, 39 L.Ed.2d 435 (1974) (footnote omitted). *See also Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842–43 (2d Cir.1962) ("The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. Such an order is necessarily limited to a very brief period because what may later prove to be a right of the party who is restrained is suspended before even a tenta-

tive adjudication as to that right has been had. . . . The longer the period of such prohibition the greater the chance that the right will be completely frustrated because the opportunity once suspended may, as a practical matter, be lost. . . . It is because the remedy is so drastic and may have such adverse consequences that the authority to issue temporary restraining orders is carefully hedged in Rule 65(b) by protective provisions. And the most important of these protective provisions is the limitation on the time during which such an order can continue to be effective.").

■ Hudson's claim that the government is estopped from claiming that its consent has lapsed is meritless. The government consented to extend the restraining order until April of 1992. When the April preliminary injunction hearing was rescheduled, the government chose to deny further consent and informed the district court of its decision in July, 1992. The government may not be penalized for initially consenting to an extension of time, then refusing further consent when it became clear that the preliminary injunction hearing would not be expeditiously held as required by the Federal Rules of Civil Procedure.

Moreover, Hudson cites no authority to support her claim that "this appeal should be dismissed and the matter remanded to the newly-assigned judge from the Western District of Tennessee to determine the issues raised herein." Appellee's Brief at 9. Because Judge Todd has taken no action to date to schedule the preliminary injunction hearing, *see* Appellant's Reply Brief at 3 ("On December 3, 1992, the district court postponed indefinitely the hearing for the preliminary injunction."), we see little reason to dismiss this action.

### III.

Because the government did not agree to extend the temporary restraining order past April of 1992, the district court erred by indefinitely continuing the restraining order on July 17, 1992. *See Granny Goose Foods, Inc.*, 415 U.S. at 443 n. 17, 94 S.Ct. at 1126 n. 17 ("Where a temporary restraining order

has been continued beyond the time limits permitted under Rule 65(b), and where the required findings of fact and conclusions of law have not been set forth, the order is invalid."). We therefore dissolve the temporary restraining order and instruct the district court to conduct the preliminary injunction hearing without further delay.