*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0090P (6th Cir.)
File Name: 00a0090p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

DONALD LINVILLE; WILLIAM
R. GAITTEN, Estate of,
     *Plaintiffs-Appellees,*

     *v.*

TEAMSTERS MISCELLANEOUS
AND INDUSTRIAL WORKERS
UNION, LOCAL 284,
     *Defendant-Appellant.*



No. 98-4292

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 92-00849—George C. Smith, District Judge.

Argued: October 26, 1999

Decided and Filed: March 13, 2000

Before: MARTIN, Chief Judge; SUHRHEINRICH and
SILER, Circuit Judges.

———————————

### COUNSEL

**ARGUED:** Robert K. Handelman, HANDELMAN &
KILROY, Columbus, Ohio, for Appellant. Frederick G.
Cloppert, Jr., CLOPPERT, PORTMAN, SAUTER,

LATANICK & FOLEY, Columbus, Ohio, for Appellees. **ON BRIEF:** Robert K. Handelman, HANDELMAN & KILROY, Columbus, Ohio, for Appellant.  Frederick G. Cloppert, Jr., CLOPPERT, PORTMAN, SAUTER, LATANICK & FOLEY, Columbus, Ohio, for Appellees.

————————————

## OPINION

————————————

BOYCE F. MARTIN, JR., Chief Judge.    Teamsters Miscellaneous and Industrial Workers Union, Local 284 appeals the district court's judgment denying its motion for declaratory judgment.  In its motion, Local 284 sought a declaration that coverage under a benefit plan provided by Local 284 for Donald Linville and his wife ended when Linville turned sixty-five.  The district court ruled that the plan vested upon retirement and that Local 284 must continue providing benefits to the Linvilles.  For the following reasons, we reverse and remand the case to the district court for further proceedings.

I.

On August 25, 1987, Local 284 approved a plan providing health insurance coverage to former officers, staff, and agents of Local 284.  According to the plan, an individual becomes eligible for health and life insurance coverage when the individual: (1) is at least fifty-seven years of age and has at least ten years of service with Local 284; or (2) becomes totally and permanently disabled while a full-time officer, agent, or employee without respect to the individual's length of service with Local 284.  An individual is permanently disabled for plan purposes if he or she is eligible to receive disability benefits from the Social Security Administration. The plan states that coverage for former employees shall be the same as the coverage for active employees.  The plan also provides that coverage ceases when the individual reaches age sixty-five, dies, or becomes eligible for active medical insurance coverage by returning to employment of any kind.

Donald Linville retired from his position as a business agent of Local 284 on September 5, 1987 due to disability. On December 14, the Social Security Administration awarded disability benefits to Donald Linville beginning March 3, 1988. Local 284 began providing retiree benefits to Linville and his wife in February. These benefits consisted of paying the Linvilles' health and life insurance premiums. On June 1, 1992, Local 284 reduced Donald Linville's coverage so that his retiree benefits were substantially less than those provided to active employees. Additionally, Donald Linville was notified that he would be required to pay a monthly premium to continue receiving retiree benefits. Active employees were not required to pay a monthly premium for their health and life insurance benefits. Donald Linville did not pay the premium and instead brought suit in district court, along with another former officer of Local 284, pursuant to the Employee Retirement Income Security Act, seeking restoration of benefits.

After a bench trial, the district court concluded that the plan is a welfare benefit plan within the meaning of 29 U.S.C. §1002(1)(A). The district court found that, because the plan is a welfare benefit plan, the retiree benefits vested upon Donald Linville's retirement. The district court also found that the plan set forth the conditions that lead to termination of benefits and did not reserve the power to change or alter the terms of the benefits. Thus, the district court concluded, once an individual retires under the plan, Local 284 can no longer change the terms of the plan or reduce benefits. Accordingly, the district court issued an order on September 20, 1995 requiring Local 284 to pay all back health and life insurance premiums, benefits, and outstanding medical expenses that would have been covered under the plan. The court also awarded damages to Donald Linville and enjoined Local 284 from terminating or changing the plan so long as Donald Linville was eligible for benefits. The parties reached a settlement as to the amount of damages.

Donald Linville turned sixty-five on January 1, 1996. On February 17, 1998, Local 284 filed a Motion for Declaratory

Judgment. In its motion, Local 284 sought to have the district court: (1) declare that, pursuant to the terms of the benefit plan, Local 284 was no longer obligated to provide retirement benefits to the Linvilles because Donald Linville had reached age sixty-five; (2) dissolve the injunction issued September 20, 1995; and (3) order Donald Linville to indemnify Local 284 for the health insurance premiums paid on the Linvilles' behalf since he reached age sixty-five. The district court held that the terms of the plan were not clear and inferred that the plan's intent was to provide benefits for as long as retirees maintained retiree status. Accordingly, the district court denied Local 284's motion and held that so long as Linville remained a retiree, he was entitled to receive benefits under the plan. Local 284 filed this appeal on October 26, 1998.

## II.

This case presents a fascinating issue of civil procedure. After tedious oral argument, it became apparent that Local 284's motion was appropriately construed as a motion to modify an injunction. 28 U.S.C. § 1292(a)(1) provides that the courts of appeals shall have jurisdiction of appeals from "(1) [i]nterlocutory orders of the district courts … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." Because the effect of the district court's denial of Local 284's motion was to continue the injunction, this Court has jurisdiction to review that order. *See Hudson v. Barr*, 3 F.3d 970, 973 (6th Cir. 1993). Where a district court's order has the effect of extending an injunction, we review for abuse of discretion. *See Moriane Indus. Supply, Inc. v. Sterling Rubber Prod. Co.*, 891 F.2d 133, 135 (6th Cir. 1989).

## III.

Under the clear terms of the plan, the benefits expired upon Linville's reaching age sixty-five. The district court relied on our decision in *International Union, UAW v. Yard-Man, Inc.*, 716 F.2d 1476, 1482 (6th Cir. 1983), to infer that once benefits vest, they continue so long as the beneficiary remains

a retiree. The *Yard-Man* inference, however, cannot be used to contradict the express text of the agreement or plan documents. *See id.* Unlike the plan at issue in *Yard-Man*, Local 284's plan addresses the duration of benefits. More specifically, the plan provides that "[c]overage ceases when the individual reaches age 65." Thus, the district court was incorrect in applying the *Yard-Man* inference given the express language of the plan. Furthermore, although the record is unclear, there appears to be no language in the plan which would provide coverage for Mrs. Linville once Donald Linville's coverage ceases.

We will not, however, order that Donald Linville reimburse Local 284 for the cost of benefits provided since he turned sixty-five. Local 284 filed its motion seeking recovery for the insurance premiums paid on the Linvilles' behalf on February 17, 1998. The delay on the part of Local 284 is excessive. Furthermore, we acknowledge the hardship recoupment of two years of premiums could impose on the Linvilles. *See Wells v. United States Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1251 (6th Cir. 1991). In doing so, we conclude that the circumstances weigh in favor of denying Local 284's request for reimbursement of the premiums paid after Linville's sixty-fifth birthday.

## IV.

Accordingly, we REVERSE and REMAND the case to the district court for further proceedings.