**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTGOMERY CARL AKERS,

Defendant - Appellant.

No. 22-3140
(D.C. No. 2:04-CR-20089-KHV-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, **KELLY**, and **ROSSMAN**, Circuit Judges.

_____

Montgomery Akers, a prisoner committed to the Federal Bureau of Prisons, appeals the district court's order denying his motion for compassionate release.[1] Because the district court did not err in addressing Mr. Akers's arguments and applying the compassionate release standards, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Akers also requests to proceed in forma pauperis. We grant the motion.

# I. Background

Mr. Akers pled guilty to one count of wire fraud, and the district court sentenced him to 327 months of imprisonment.  Currently incarcerated, Mr. Akers is a 63-year-old man who suffers from asthma, atrial fibrillation, and a prior shingles infection.  He is concerned that the COVID-19 pandemic and conditions in prison present a unique health risk to him.  He requested compassionate release because he is serving an illegal sentence and the combination of his illnesses and COVID-19 present a serious health risk.

The district court denied his motion on multiple grounds.  In its order, the district court explained that Mr. Akers had not shown extraordinary and compelling reasons for release.  It continued that even if Mr. Akers satisfied the first requirements of 18 U.S.C. § 3582(c)(1)(A), "the Court would deny relief after considering the factors under 18 U.S.C. § 3553."  R., Vol. I at 349.

# II. Discussion

We review a denial of compassionate release for abuse of discretion.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).  The district court exercises broad discretion in determining what constitutes extraordinary and compelling reasons for compassionate release.  *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, J., concurring).  Because Mr. Akers is proceeding pro se, we construe his arguments liberally.  *United States v. Pinson*, 584

2

F.3d 972, 974 (10th Cir. 2009). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *Id.*

Mr. Akers's requested relief—modification of his sentence by a federal court—may only occur where Congress has explicitly authorized the court do so. 18 U.S.C. § 3582(b)-(c). Under the 2018 First Step Act, a court may order compassionate release for "extraordinary and compelling reasons." *Id.* at § 3582(c)(1)(A)(i). Mr. Akers must establish that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements, and (3) § 3553(a) factors warrant a reduced sentence. *Id.* Because the Sentencing Commission has not issued a policy statement, we evaluate only the first and third requirements. *See Maumau*, 993 F.3d at 831; *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021).

Mr. Akers makes three main arguments: (1) the district court mischaracterized the record and failed to address Mr. Akers's claim of being denied emergency medical care for his atrial fibrillation condition; (2) he was incorrectly sentenced as a terrorist; and (3) the district court failed to address the errors in Mr. Akers's sentencing calculation. We are unpersuaded.

First, the district court did not mischaracterize the record, and it noted Mr. Akers's medical conditions. It discussed the plea agreement and plea colloquy, which provided a sufficient basis to establish the elements of wire fraud. It also acknowledged Mr. Akers's medical conditions, including his atrial fibrillation, and the risk posed by COVID-19 in his prison setting. The district court analyzed Mr.

3

Akers's health conditions and referenced the conditions at his prison, but nevertheless ruled against him.

Second, Mr. Akers did not raise his terrorism argument in his initial motion for sentence reduction. But even if he had, the district court did not charge Mr. Akers for terrorism or any terrorist related activity. Mr. Akers instead pled guilty to and was sentenced for wire fraud. The superseding indictment, plea agreement, change of plea hearing, and sentencing did not reference terrorism.

Third, the district court correctly addressed Mr. Akers's sentencing calculation argument. Mr. Akers argues his statutory maximum is five years, but his plea agreement explicitly states (and the district court confirmed) that wire fraud carries a statutory maximum of 30 years. R., Vol. I at 346-47. Mr. Akers's challenge to his sentencing guideline is an attack on the validity of his sentence and, as the district court noted, "ordinarily should be raised in a motion to vacate under [28 U.S.C. §] 2255." *Id.* (quoting *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014)).

The district court analyzed Mr. Akers's health conditions and the threat of COVID-19 in his particular circumstances. It also considered the relevant sentencing factors under 18 U.S.C. § 3553(a), which counseled against granting Mr. Akers's motion. The district court did not abuse its discretion in denying Mr. Akers's motion.

## III. Conclusion

We affirm the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge