ROGERS ET AL., APPELLEES AND CROSS-APPELLANTS, *v.*
RUNFOLA & ASSOCIATES, INC. ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as Rogers *v.* Runfola & Associates, Inc. (1991), 57 Ohio St. 3d 5.]

(No. 89-1355—Submitted September 26, 1990—Decided January 9, 1991.)

---

[1] The covenants contained the following restrictions:

"(a)  During the term of this Contract and for a period of two (2) years thereafter, * * * [Rogers and Marrone] will not engage in the court reporting and (or) public stenography business as an employee, sole proprietor, independent contractor, partner, joint-venturer or principal at any place within the limits of Franklin County, Ohio, without the express written consent of the Employer.

"(b)  At no time shall the Professional ever divert, take away, attempt to divert or take away, or solicit any of the clients of the Employer, for * * * [their] own benefit or for the benefit of any other person or entity.

"(c)  At no time shall the Professional ever take away or use, for * * * [their] own benefit, or the benefit of any other person or entity, any client lists, notes, transcripts, exhibits, files, records or any other documents, papers or items of any kind or nature received by the Employer, or by the Professional on behalf of the Employer, in any capacity."

*Bricker & Eckler, Richard T. Taps* and *Catherine M. Ballard*, for appellees and cross-appellants.

*Squire, Sanders & Dempsey, Thomas E. Palmer* and *Catherine Adams*, for appellants and cross-appellees.

DOUGLAS, J. The primary issue we are asked to decide is whether the covenants not to compete contained within appellees' employment contracts are reasonable in light of the guidelines pronounced by this court in *Raimonde* v. *Van Vlerah* (1975), 42 Ohio St. 2d 21, 71 O.O. 2d 12, 325 N.E. 2d 544.

I

As a threshold matter, we note that appellees, pursuant to their cross-appeal, suggest that the court of appeals erred in finding their employment contracts valid. One of appellees' arguments is that the employment contract between Rogers and Runfola is invalid because there was insufficient consideration to support a promise not to compete. We disagree.

It is axiomatic that courts, as a general rule, will not inquire into the adequacy of consideration once consideration is said to exist. See *Judy* v. *Louderman* (1891), 48 Ohio St. 562, 29 N.E. 181.

Rogers stipulated that prior to signing the employment contract with Runfola, she was an employee at will. On June 1, 1975, Rogers signed a contract with Runfola promising she would not compete, and in return Runfola promised he would not discharge Rogers except for specified reasons: Rogers testified that at the time of signing the contract she read it and intended to live up to her promise.

Thus, considering the exchange of mutually beneficial promises and the clear understanding between the parties, it is obvious to us that the employment contract of Rogers contained sufficient consideration. Furthermore, other jurisdictions have decided a similar issue and have found sufficient consideration when an employee has signed a covenant not to compete after commencement of employment. See *Criss* v. *Davis, Presser & LaFaye* (Fla. App. 1986), 494 So. 2d 525; *Corroon & Black of Illinois, Inc.* v. *Magner* (1986), 145 Ill. App. 3d 151, 98 Ill. Dec. 663, 494 N.E. 2d 785; *Posey* v. *Monier Resources, Inc.* (Tex. App. 1989), 768 S.W. 2d 915; *Mail-Well Envelope Co.* v. *C.P. Saley* (1972), 262 Ore. 143, 497 P. 2d 364.

Appellees also contend that Rogers' employment contract became invalid when Runfola changed the business from a sole proprietorship to a corporation. In addition, appellees argue that the covenant not to compete contained in Rogers' employment contract cannot be assigned. Concerning these issues, the court of appeals, in reviewing previous Ohio decisions,[2] came to a conclusion different from that urged by appellees and determined that the employment contract and covenant contained therein were assignable. We agree.

In the case at bar, Runfola assigned all the assets and liabilities, including all rights and obligations under Rogers' employment contract, from the sole proprietorship to the corporation. This change had no effect on the ownership of the business. Runfola, prior to 1977, was the sole proprietor and, thereafter, he became the sole director and stockholder of the business. Only the legal structure of the business changed, not the business itself. Equally important, Rogers testified she knew the business had been incorporated as early as 1981 when she was made a vice president of the corporation and that the change had no effect on her duties or the daily operations. Therefore, because only the structure of the business changed and the fact that no additional burdens were placed on Rogers as a result of the incorporation, we find that the employment contract and covenant not to compete contained therein were properly assigned.

Marrone also attempts to avoid the contract between Runfola and himself by arguing that he was wrongfully discharged because he was terminated prior to the automatic renewal date of the contract. Marrone, through a letter to and at a meeting with Mowery, tendered his resignation. Runfola accepted Marrone's resignation and, therefore, ended the employment relationship. While this terminated Marrone's employment, none of the conditions of the contract was altered. Accordingly, we find Marrone's contention that he was wrongfully terminated not well-taken.

---

[2] *Pestel Milk Co.* v. *Model Dairy Products Co.* (App. 1943), 39 Ohio Law Abs. 197, 52 N.E. 2d 651; *Safier's, Inc.* v. *Bialer* (C.P. 1950), 58 Ohio Law Abs. 292, 42 O.O. 209, 93 N.E. 2d 734.

## II

Having found that appellees' employment contracts are valid, we now turn our discussion to the covenants not to compete contained therein.

In *Raimonde, supra*, at paragraphs one and two of the syllabus, we stated:

"1. A covenant not to compete which imposes unreasonable restrictions upon an employee *will be enforced to the extent necessary to protect an employer's legitimate interests.* (Paragraphs two and three of the syllabus in *Extine* v. *Williamson Midwest*, 176 Ohio St. 403, overruled.)

"2. A covenant restraining an employee from competing with his former employer upon termination of employment *is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public.*" (Emphasis added.)

Further, in *Raimonde*, we acknowledged that courts are empowered to fashion a reasonable covenant between the parties and, in so doing, they should consider the following factors:

"* * * '[T]he absence or presence of limitations as to time and space, * * * whether the employee represents the sole contact with the customer; whether the employee is possessed with confidential information or trade secrets; whether the covenant seeks to eliminate competition which would be unfair to the employer or merely seeks to eliminate ordinary competition; whether the covenant seeks to stifle the inherent skill and experience of the employee; whether the benefit to the employer is disproportional to the detriment to the employee; whether the covenant operates as a bar to the employee's sole means of support; whether the employee's talent which

the employer seeks to suppress was actually developed during the period of employment; and whether the forbidden employment is merely incidental to the main employment.'* * *'" (Citations omitted.) *Id.* at 25, 71 O.O. 2d at 14, 325 N.E. 2d at 547.

Keeping the foregoing factors in mind, we conclude that the restraints and resultant hardships on appellees do exceed that which is reasonable to protect Runfola's legitimate business interests. Geographically, appellees are prohibited from engaging in court reporting or public stenography in *Franklin County* for *two years*. Appellees are also restricted, for a *lifetime*, from soliciting or diverting any of Runfola's clients. Court reporting is a unique profession. Appellees attended school to become court reporters and have worked as reporters for most of their adult lives. Rogers' and Marrone's testimony indicated that court reporting is the only profession in which they have become proficient. Imposing such *space* and *time* restrictions is unreasonable and will create an undue hardship on appellees.

Although we conclude that the covenants not to compete create an excessive hardship on appellees, our inquiry, nevertheless, cannot end here. We must also determine whether some restrictions prohibiting appellees from competing are necessary to protect Runfola's business interests. The record reflects that Runfola played a large role in appellees' development as successful court reporters. While employed by Runfola, Rogers and Marrone gained valuable experience in the business which included the use of computerized technology. Runfola invested time and money in equipment, facilities, support staff and training. Much of this training and support, undoubtedly, inured to the benefit of the appellees. Runfola also developed a clientele with which appellees had

direct contact. Appellees' assignments were taken under the Runfola name. Indeed, Runfola has a legitimate commercial interest to protect.

Thus, balancing the restraints and projected hardships on appellees with Runfola's interests, and upon the authority of *Raimonde*, we modify the restrictions as to space and time as set forth *infra*.

Apparently, in 1988, soon after the trial court rendered its judgment, appellees started a court reporting business and, to date, are still in operation. Notwithstanding this, Runfola requests that we enjoin appellees from engaging in competitive activities with Runfola and that we remand the case to the trial court on the issue of damages. Runfola seeks to have appellees enjoined as of the date of our decision. Appellees, on the other hand, urge us to follow *Moraine Industrial Supply, Inc.* v. *Sterling Rubber Products Co.* (C.A. 6, 1989), 891 F. 2d 133, and *Premix, Inc.* v. *Zappitelli* (N.D. Ohio 1983), 561 F. Supp. 269, and find that an injunction would be extremely harsh or inappropriate because the restrictive period, by its own terms, has expired.

Upon balancing these competing interests, we find appellees' authority unpersuasive and conclude that the better view is to grant Runfola, in part, the relief sought. In *Raimonde, supra*, at 28, 71 O.O. 2d at 16, 325 N.E. 2d at 548, this court held it was entirely proper for a trial court to enjoin an employee who breached a covenant not to compete "* * * for three years *from the date of the court's order* * * * [and] [t]o hold otherwise would emasculate the clear intent of * * * Civ. R. 54(C)." (Emphasis added.)

Therefore, we hold that appellees shall, sixty days from the date of this order, be prohibited for a period of one year from engaging in court reporting or public stenography as a business, as employees, or otherwise, within the city limits of Columbus, Ohio, and be prohibited for a period of one year from engaging in court reporting or the stenography business with any person, firm or other business entity with an office located within the city limits of Columbus, Ohio. Further, appellees shall, from the date of this order, be prohibited for a period of one year from soliciting or diverting any of Runfola's clients that have employed Runfola seeking advice, assistance or services. Finally, we remand this case to the trial court on the sole issue of damages. Upon remand, the trial court should determine what damages, if any, appellees have caused Runfola by disregarding the covenant not to compete, as modified, by this court.

*Judgment affirmed in part, reversed in part and cause remanded.*

MOYER, C.J., HOLMES, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., concurs in part and dissents in part.

SWEENEY, J., dissents.

H. BROWN, J., concurring in part and dissenting in part. I concur in the law and analysis pronounced by the majority, and in that part of the judgment which imposes a one-year restriction on soliciting Runfola customers and remands the case for a determination of damages. I dissent, however, from that part of the judgment which prospectively enjoins Rogers and Marrone from practicing their trade in Columbus for one year.

I agree with the majority that the original covenant, which prohibited Rogers and Marrone from engaging in the business of court reporting for two

years in Franklin County, is unreasonable and creates an undue hardship. The reduction of the geographic area to the city limits of Columbus is not a significant modification. The overwhelming majority of law firms and lawyers in Franklin County have their offices in the city of Columbus. Almost all agencies of state government, including the Franklin County courts, are located in downtown Columbus. Thus, the majority's reduced geographical restriction leaves Rogers and Marrone effectively unable to practice their trade in Franklin County for one year. The hardship of that restriction is particularly onerous when applied to individuals such as court reporters, doctors, lawyers or accountants whose basic education, training and skill are not unique by reason of affiliation with a particular employer. In a sense all court reporters in Columbus, like all lawyers and accountants, "compete" with each other. Thus, such people must either uproot their families and move or change professions. Given the inherently unequal bargaining power of the employee and the employer when the no-competition agreement is imposed upon the employee, we should not inflict such a result when the employer can be compensated for any *unfair* competition by money damages.

Further, the majority has broadened the restriction contained in the contract between the parties. The majority prohibits Rogers and Marrone from serving any customer "with an office located within the city limits of Columbus, Ohio." Because Columbus is the state capital, many Ohio law firms (as well as labor unions and corporations, which may need a court reporter for such matters as grievance arbitration hearings) maintain offices in Columbus, though their principal place of business is elsewhere. Thus, if Rogers and Marrone relocated to Cincinnati, Cleveland or, indeed, anywhere, they would be precluded from working as court reporters for any firm or corporation which happened to have an office in Columbus. Thus, the court has expanded the restrictive covenant beyond that to which the parties agreed. It does not appear that Runfola has any business interest in markets other than Columbus which would, even arguably, justify expanding the scope of the restriction.

Finally, while I would not adopt an absolute rule forbidding an injunction after the covenant has expired of its own terms, I believe that the equities of *this* case weigh against the issuance of such an injunction. Rogers and Marrone have operated their court reporting firm in Columbus for over two years since leaving Runfola. To the extent that Runfola has been economically injured by unfair competition, Runfola can be compensated in damages on remand. We need not extinguish a functioning business which provides a needed service and force Rogers and Marrone to move to another city in order to make Runfola whole.