OPINION
On December 9, 1997, Thomas G. O'Brien filed a complaint in the Franklin County Court of Common Pleas against Product Design Center, Inc. ("PDC") alleging breach of contract. Mr. O'Brien had been employed by PDC as its vice president of sales and marketing. Mr. O'Brien claimed that pursuant to his employment contract, PDC owed him six months of "severance pay" because PDC terminated him without just cause. Mr. O'Brien further claimed that PDC owed him two weeks of unpaid salary, reimbursement for business expenses, health insurance and a prorated portion of a year-end bonus. Mr. O'Brien also claimed that under the contract, he was entitled to reasonable attorney fees. PDC filed an answer and a counterclaim for breach of contract. In essence, PDC averred that Mr. O'Brien failed to perform as required under the contract.
A bench trial was held. On February 19, 1999, the trial court rendered a decision. The trial court found Mr. O'Brien had been terminated without just cause and under the terms of the employment agreement, was entitled to six months of his salary. The trial court found against PDC on its counterclaim. The trial court also concluded that under the contract, Mr. O'Brien, as the prevailing party, was entitled to reasonable attorney fees. The trial court set a hearing date on the issue of the amount of such attorney fees. On May 4, 1999, the trial court rendered a decision awarding Mr. O'Brien $48,653.26 in attorney fees. A judgment entry was journalized on May 12, 1999. PDC (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 I. The trial court erred as a matter of law in failing to determine the parties' intent regarding the employment agreement at issue, when the meaning and intent of the parties as to the termination provisions was not clear from the writing.
 II. The trial court erred as a matter of law by failing to construe ambiguous contract language against the party who drafted the language.
Appellant's assignments of error are interrelated and will be addressed together. Appellant contends certain provisions and terms in the employment agreement are ambiguous, and the trial court erred in its construction of such provisions and terms. The trial court stated that the "overriding" issue was whether Mr. O'Brien (hereinafter "appellee") had been terminated for just cause. The contract provision at issue is paragraph three, which states in pertinent part:
 3. Employee's engagement in accordance with this Agreement begins on May 1, 1997, and shall continue for a period of twelve calendar months, plus any agreement extensions agreed to in writing by both parties. Any termination by either party of this Agreement, in whole or in part, shall be made with a 30 day prior written notice. HOWEVER, IN THE EVENT THAT PDC TERMINATES EMPLOYEE WITHOUT JUST CAUSE (i.e. GROSS NEGLIGENCE, THEFT OF COMPANY PROPERTY, OR CRIMINAL MISCHIEF) PRIOR TO THE EXPIRATION OF THE TERM OF THIS APPOINTMENT (4/30/98) THEN PDC SHALL PAY EMPLOYEE 6 MONTHS SALARY, PRORATED BONUS HEALTH INSURANCE.[1] (Emphasis added.)
The trial court found that neither theft nor criminal mischief had been alleged, therefore, the only issue was whether or not appellee had engaged in gross negligence. The trial court stated that gross negligence was a tort concept and defined it, in part, as the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and a failure to exercise even that care which a careless person would use. The trial court found appellee's job performance did not rise to the level of tortious conduct. Hence, the trial court concluded that appellee had been terminated without just cause and that under the contract, appellee was entitled to six months of his salary.
Appellant makes several arguments in support of its contention that the trial court erred in finding in favor of appellee. In addition to contending the trial court erred in applying tort definitions to the term "gross negligence," appellant asserts the trial court failed to consider the intent of the parties as to certain provisions and that the trial court's interpretation of the agreement was contrary to the manifest weight of the evidence. Appellee contends the trial court properly interpreted the contract and that the evidence supports the trial court's conclusion that appellee was terminated without just cause. However, these arguments are relevant only if the trial court correctly concluded that appellee had been terminated. For the reasons that follow, we find the trial court erroneously concluded that appellee had been terminated.
The parties' arguments center largely on the interpretation of paragraph 3 of the contract. As indicated above, the trial court concluded that under paragraph 3 of the contract, appellee was entitled to six months of his salary because he was terminated without just cause. However, the trial court's conclusion was based on a faulty premise — that appellee had been terminated. The undisputed evidence is that appellee resigned from his position. As a matter of law, appellee's resignation precluded him from obtaining the relief set forth in paragraph 3 of the contract.
The parties' main arguments do not address this issue, and appellant did not specifically assign as error the trial court's conclusion that appellee had been terminated. However, the issue was addressed in some form both below and on appeal. For example, in his proposed conclusions of law filed with the trial court, appellee asserted that his employment ended by termination, not resignation. (R. 62 at 12.) Indeed, even the trial court in its February 19, 1999 decision addressed the issue by citing two cases presumably in support of its conclusion that appellee had been terminated and had not resigned. Further, under App.R. 12(A)(2), this court has discretion in addressing an issue not briefed or raised in the trial court. State v. Peagler (1996),76 Ohio St.3d 496, 499; State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, citing Hungler v. Cincinnati (1986),25 Ohio St.3d 338. Further, on March 3, 2000, this court filed a journal entry ordering the parties to brief the following question:
 Where an employee verbally announces his resignation of employment and follows this announcement with a written letter of resignation, has the employee agreed to terminate his employment contract as of the effective date of his letter of resignation such that he had no right to damages accruing after the effective date of his resignation?
For all the above reasons, this court will address the issue of whether the trial court properly concluded that appellee had been terminated and the effect of our conclusion in this regard.
The undisputed evidence establishes the following. Appellee began working for appellant pursuant to a written employment agreement. The agreement set forth a twelve-month term beginning on May 1, 1997. Both appellant's president, Mitchell Canty, and appellee became dissatisfied with appellee's employment. On October 8, 1997, appellant's senior management personnel met. Appellee announced he was quitting. Some members of the senior management urged appellee to stay, however, appellee was adamant in his decision. On October 28, 1997, Mr. Canty received a letter from appellee dated November 1, 1997. The letter states, in pertinent part:
 Following up on our recent conversations, this letter will serve to confirm to you and PDC my 45 day notice of resignation. My last day of work will be 12/15/97.
On October 29, 1997, appellee was faxed a letter from Mr. Canty, dated October 28, 1997, which states, in pertinent part:
 Effective at 5:00 p.m. on Tuesday, October 28, 1997, your employment with PDC will terminate. PDC has decided to accept and honor your resignation of employment with PDC. * * *
We view this letter from Mr. Canty as acceptance of appellee's resignation effective December 15, 1997. The legal result of this faxed letter was to inform appellee that he had no duties to perform between the date of the faxed letter and the date appellee had announced to be his last day of work. The faxed response did not cause appellee damages in any sense of the word, but had the effect of giving appellee an extended, paid vacation before the December 15, 1997 date.
In support of his contention that he should be viewed as having simply been terminated, appellee cites Opportunity Consultants,Inc. v. Tugrul (1976), 47 Ohio App.2d 346. Appellee contendsOpportunity Consultants, Inc. holds that an employee has been terminated when the employee announces a future intention to resign, and the employer terminates the employee before the effective date of the resignation. First, OpportunityConsultants, Inc. does not so hold and second, the actual holding in the case must be read in the context of the facts of that particular case. The court of appeals in Opportunity Consultants,Inc. actually held:
 In our opinion, where an employee informs an employer he is resigning at a date in the future and the employer immediately discharges the employee, solely for this reason, it is not a termination for a failure or fault of the employee. Id. at 348.
This holding was key to the disposition of the issue in the case — who was responsible for a certain fee charged by an employment agency. The contract at issue required the employee pay the fee if the employee failed to remain in the position for ninety days and left with fault. Id. at 347. If the employee stayed for ninety days and did not leave with fault, the employer had to pay the fee. Id. The court of appeals held that the employee left the employment without fault because he was fired solely for informing the employer that he was going to resign after fulfilling his obligations under the contract (i.e. remain with the employer for ninety days). In other words, the employee never terminated the agreement or the employment relationship. Hence, the reason for the employee's separation from employment was the employer's action in terminating him. Therefore, the employee was not obligated to pay the fee. This holding must be read in the context of the particular facts of the case and not as setting forth a broad employment law principle.
Not only does Opportunity Consultants, Inc. not hold what appellee contends it holds, the facts in the case at bar are distinguishable. Here, appellee terminated the employment relationship by virtue of his resignation announced on October 8, 1997. Such resignation occurred prior to the full term of the contract. Appellant accepted this termination, at the latest, on October 28, 1997. Such acceptance of appellee's resignation was not a termination.
Appellee also cites Rogers v. Runfola Associates, Inc.
(June 1, 1989), Franklin App. No. 88AP-691, unreported, in support of his argument. In Rogers, the employees tendered their resignations but agreed to stay until their contracts expired. This court cited Opportunity Consultants, Inc. and found the employer breached the contract by terminating an employee without just cause. Id. at 8. However, Rogers was appealed to the Supreme Court of Ohio. The main issue in Rogers v. Runfola Associates, Inc. (1991), 57 Ohio St.3d 5 ("Runfola") was the reasonableness of the non-competition covenants contained in the employment agreements. Id. at 6. However, one of the employees, in an attempt to avoid the contract, argued he was wrongfully discharged because he was terminated prior to the renewal date of the contract. Id. at 7. The Supreme Court stated that the employee resigned, and the employer accepted this resignation.Id. The Supreme Court found that the employee had not been wrongfully terminated. Id.
The Runfola case supports our conclusion that appellee resigned and was not terminated. Because appellee resigned and was not terminated, appellee was not entitled to six months of pay pursuant to paragraph 3 of the agreement. The trial court erred as a matter of law in concluding otherwise.[2]
In its brief addressing this court's question, appellant argues for the first time that the six-month severance pay provision constitutes an unlawful liquidated damages provision. This issue was never raised or litigated below. Therefore, while such argument may have merit, appellant waived its right to raise such issue on appeal, and this court will not address it for the first time on appeal.
In summary, this court concludes that the trial court erred in holding appellee had been terminated and therefore was entitled to six months of severance pay. As indicated above, appellee resigned from his employment and, therefore, the six-month severance pay provision is not applicable. However, the evidence before the trial court did show that appellee properly gave prior notice, as required under the employment agreement, of such resignation. Therefore, appellee is entitled to his salary up to such effective date of his resignation. The effective date of appellee's resignation was December 15, 1997. Hence, appellee should have been paid through such date. The trial court awarded appellee two weeks of unpaid salary for the last two weeks of October 1997. Upon remand, the trial court is ordered to enter judgment for appellee for an amount equaling appellee's salary for the period of November 1997 through December 15, 1997.
Appellant also contends that the trial court erroneously awarded appellee attorney fees. The trial court awarded appellee attorney fees under a provision in the contract which states:
 Should enforcement of this provision require court action, then both parties agree that the prevailing party shall be paid all court costs and attorney fees by the non prevailing party. (Emphasis added.)
The parties dispute to which provision the above refers. Appellee contends it refers to paragraph 3, the paragraph providing for six months "severance pay" for termination without just cause, and the trial court seemingly agreed with appellee. Appellant contends it is pure speculation as to which provision the above refers.[3]
However, appellant points out in its brief that Mr. Canty "felt strongly" that the attorney fees provision referred to paragraph 7 (a provision relating to reimbursement of expenses).
The issue involving which paragraph the above provision refers to is immaterial given our conclusion that appellee was not terminated. Appellee's breach of contract action involved claims that he was entitled to "severance pay" under paragraph 3 and two weeks of unpaid salary. Given our conclusion as to the severance pay claim, appellee is not the prevailing party. Appellee remains the prevailing party on his claim for two weeks of unpaid salary; however, there is no contention that the attorney fees provision applies to a paragraph involving appellee's salary. Accordingly, appellee should not have been awarded attorney fees.
Lastly, we note that appellant does not contend specifically that the trial court erred in finding against it on its counterclaim. Indeed, appellant's contentions focus largely on the trial court's interpretation of paragraph 3 of the contract. Appellant's counterclaim alleged appellee breached the contract by failing to perform his duties as required under the contract and the attached position description. Appellant does make arguments in its brief regarding appellee's alleged failure to perform under the terms of the contract. However, such arguments are made in the context of the trial court's manner of defining the term "gross negligence" found in paragraph 3 of the contract and whether or not appellee was terminated for just cause. It is clear that appellant has not appealed the trial court's judgment as to its counterclaim. Rather, appellant has appealed only the issues relating to appellee's claims under paragraph 3 of the contract and for attorney fees.
In summary, the trial court erred as a matter of law in concluding that appellee had been terminated. As a result, the trial court also erred in concluding that appellee was entitled to six months of his salary under paragraph 3 of the agreement. In addition, the trial court erred in concluding appellee was entitled to attorney fees under the contract. Upon remand, the trial court is ordered to enter judgment for appellee in an amount equal to his salary for the period of November 1997 through December 15, 1997.
In light of all of the above, appellant's assignments of error are sustained, to the extent the trial court erred as set forth above.
Having sustained appellant's assignments of error as set forth in this opinion, the judgment of the Franklin County Court of Common Pleas is reversed, in part, as to the claims for six months "severance pay" and attorney fees, and affirmed, in part, as to appellee's claim for two weeks unpaid salary. This cause is remanded to the trial court with instructions to enter the additional judgment in favor of appellee as set forth in this opinion.
Judgment affirmed in part and reversed in part and causeremanded.
BOWMAN, P.J., and DESHLER, J., concur.
[1] The language italicized above was handwritten by appelleeand initialed by both parties prior to execution of the entire agreement.
[2] Another case citing Opportunity Consultants, Inc. isMid-Ohio Family Practice, Inc. v. Cavazos (Dec. 18, 1997), MarionApp. No. 9-97-45, unreported. Cavazos, however, can also bedistinguished on its facts as the employee in Cavazos neveractually resigned. Rather, the employee announced that he probably wouldbe relocating. One week later, the employee was terminated.
[3] The above provision was handwritten in the margins of theagreement.