This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Theodore M. Bobinsky ("Bobinsky"), appeals from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of the appellee, Peter Tippett ("Tippett"). We affirm.
 I. {¶ 2} Prior to 1992, Bobinsky invested in PT Limited Partnership. Tippett was President and general partner of PT Limited at the time. In 1992, Certus International Corporation merged into Symantec Corporation. As a result, PT Limited Partnership was dissolved, and Bobinsky's shares of stock were converted into Symantec shares. On March 3, 1993, Tippett wrote a letter to Bobinsky offering to give him 600 shares of Symantec stock if certain conditions were met. The conditions were as follows: the value of the Symantec stock did not achieve a daily close of at least $22 per share by February 18, 1994; Bobinsky still owned his original Symantec shares; and Bobinsky requested the 600 shares, in writing, between February 18, 1994 and 5 pm EST on March 31, 1994. The letter also stated that Tippett was not recommending that Bobinsky either keep or sell the stock, just that he should do with it what he thought was best.
 {¶ 3} On July 29, 2002, Bobinsky filed an action against Tippett in the Summit County Court of Common Pleas for breach of contract. On December 4, 2002, Bobinsky filed a motion for partial summary judgment in which he argued that a contract between the parties was formed. On December 16, 2002, Tippett filed a motion for summary judgment and memorandum contra to Bobinsky's motion. Tippett argued that his letter merely offered to make a gift and that no contract existed between the parties. The trial court granted Tippett's motion for summary judgment, finding that no enforceable contract existed between the parties. This appeal followed.
 II. Assignment of Error
"The trial court erred as a matter of law by finding and holding that there was not a contract requiring the appellee to transfer shares of stock to the appellant."
 {¶ 4} In his only assignment of error, Bobinsky essentially challenges the trial court's grant of summary judgment to Tippett. Bobinsky argues that the court erred when it found that no enforceable contract existed between the parties. Specifically, Bobinsky argues that the letter he received from Tippett was an offer, and that he met the conditions of the offer. We disagree.
 {¶ 5} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
 {¶ 8} Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivisonv. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293. "Mere reliance on the pleadings is insufficient." Carr v. Nemer (Dec. 16, 1992), 9th Dist. No. 15575.
 {¶ 9} A contract consists of an offer, acceptance, and consideration. See Tersigni v. Gen. Tire, Inc. (1993), 91 Ohio App.3d 757,760. The presence or absence of consideration is a proper question for the court. Irving Leasing Corp. v. M H Tire Co. (1984),16 Ohio App.3d 191, 192. However, once consideration is found to exist, the court will not generally inquire into the adequacy of that consideration. Rogers v. Runfola Assocs. (1991), 57 Ohio St.3d 5,6.
 {¶ 10} Consideration consists of a benefit to the promisor or a detriment to the promisee. Carlisle v. T R Excavating, Inc.
(1997), 123 Ohio App.3d 277, 283. However, the benefit or detriment must be bargained for by the parties. Id.
"The benefit or detriment does not need to be great. In fact, a benefit need not even be actual, as in the nature of a profit, or be economically valuable as whatever the promisor promises in exchange for the benefit; it need only be something regarded by the promisor as beneficial enough to induce his promise." (Internal citations omitted.) Id.
 {¶ 11} A gratuitous promise, even if it evidences the promisor's intent to be bound, is not enforceable as a contract due to a complete lack of consideration. Id. Similarly, a conditional promise, requiring the promisee to do something before the promised act or omission will take place, is not enforceable as a contract. Id.
 {¶ 12} This Court discussed the differences between a conditional promise and a contract in Carlisle, where we noted:
"A requested performance attached to a gratuitous promise is a condition and not consideration, not because of the nature of the requested performance itself, but because of the reasonable understanding of the promisor and the promisee that the performance is requested as a condition of the promise and not as the price or exchange for the promise. Although there is no easy test for distinguishing between a condition and consideration, it is useful to ask whether the requested performance will benefit the promisor: if it will not, and if, in addition, it is obviously aimed at enabling the promisee to receive a benefit or gift, there is no consideration. This is true even though the promisee performs as requested in reliance on the promise." (Internal citations omitted.) Id. at 286-287; see, also, 3 Williston, Contracts (4 Ed. 1992) 348-352, Section 7:18.
 {¶ 13} In his motion for summary judgment, Tippett argued that there was no contract between the parties due to lack of consideration. Tippett asserted that his offer constituted a conditional gift and that Bobinksy failed to satisfy the express conditions of that gift, specifically that Bobinsky failed to submit a written request for the shares within the allotted time period. In support of his argument, Tippett submitted his own affidavit, stating that Bobinsky failed to make a written request as required by the offer; Tippett also submitted affidavits from other investors who received Tippett's offer and believed it to be a gift, and a copy of the March 3, 1994 letter.
 {¶ 14} Tippett's letter to Bobinsky states:
"Because you experienced a loss on the overall investment, and because I personally feel compelled to try to compensate you (at least partially) for this loss, I, through this letter, am making you the following offer:
"If, between now and the close of the stock market on Friday, February 18, 1994, the value of Symantec stock has not achieved a daily close of at least $22 per share, and if you still have your original Symantec holdings at that time, and if you request in writing to me between February 18 and 5pm EST March 31, 1994, then I will give you, as a gift, 600 shares of Symantec stock from my holdings.
"You should understand that I am not asking or recommending that you keep your Symantec stock, that you buy more, or that you sell any or all of it. You should do what you think is best for you with the stock you have received and will receive from Symantec. I have no inside knowledge about the likelihood of any changes in the price or value of Symantec stock. My offer should not be interpreted as any indication of inside knowledge or any suggestion or recommendation from me."
 {¶ 15} Although Tippett's letter stated that certain conditions must have been met before the promise was fulfilled, the letter did not amount to consideration. Instead, the letter reveals only an intent to grant a conditional gift. Tippett did not stand to benefit from Bobinsky's actions. Tippett specifically stated that he was not asking for or recommending that Bobinsky keep his shares; Tippett was merely stating that if Bobinsky still had his shares on February 18, 1994 and if the price of a share had not reached $22 by March 31, 1994, Tippett would give 600 shares to Bobinsky provided that Bobinsky requested the same in writing during the specified time period. The offer was merely an offer of a conditional gift and not a contract. There were no genuine issues of material fact, and Tippett was entitled to judgment as a matter of law. Summary judgment was properly granted to Tippett.
 {¶ 16} In his appellate brief, Bobinsky further argues that he relied to his detriment on Tippett's promise and that the doctrine of promissory estoppel should apply. However, we note that Bobinsky failed to raise this in the trial court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." Holman v. GrandviewHosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. See, also, Schadev. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Accordingly, we will not address Bobinsky's argument concerning promissory estoppel.
 {¶ 17} Bobinsky's assignment of error is overruled.
 III. {¶ 18} Having overruled Bobinsky's sole assignment of error, we affirm the decision of the Summit County Court of Common Pleas.
Judgment affirmed.
Slaby, P.J. and Whitmore, J. concur.