DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Edward Emerson ("Edward") and Emerson Family Limited Partnership ("EFLP"), appeal from the judgment of the Summit County Court of Common Pleas that awarded damages to both Appellants and Appellees, Emerson Tool, LLC ("Emerson Tool") and William Glause ("William"). We affirm.
 I. {¶ 2} The underlying litigation in this matter stems from a business transaction involving Edward, EFLP, William, and Emerson Tool. All parties aptly describe the transaction as "complicated." In the end, the agreement between the parties consisted of eight different writings and one verbal lease. These assorted writings included an asset purchase agreement, a consulting agreement, a letter titled a "Side Agreement," and an unsecured business loan.
 {¶ 3} Succinctly, William and Edward met and came up with a business plan to aid a failing company, Emerson Knife. As a result, Emerson Tool was created and agreed to purchase the assets of Emerson Knife to some extent, and to lease certain real property and three pieces of costly machinery. Those broad concepts are seemingly the entirety of what the parties agree occurred.
 {¶ 4} Edward testified and maintains that the agreement was designed such that he would immediately have the rights of a 50 percent shareholder in Emerson Tool upon the closing of the above agreements. On the other hand, William testified that Edward was only to be given those shareholder rights if Emerson Tool became profitable, and Emerson Tool has not become profitable. The parties further dispute whether rent and utility payments were properly paid or are still owed to Edward. Additionally, Edward and William dispute the applicability of a noncompete clause in the agreement and its effect on Edward's recent activities with another business known as Akron Knife Grinding Company.
 {¶ 5} Based upon these numerous disputes, Edward and EFLP filed suit for declaratory relief and other remedies in the trial court. William and Emerson Tool in turn filed counterclaims against Edward and EFLP. The matters were then tried to a jury which was asked to respond to 28 interrogatories before filling out its verdict forms. In the end, the jury awarded Edward and EFLP $27,000 and William and Emerson Tool $200,000. Based upon the jury findings and its review of the evidence and applicable law, the trial court denied Edward's declaratory relief, finding that he was not entitled to a 50 percent ownership interest in Emerson Tool. Further, upon limiting the duration and geographic reach of the noncompete clause, the trial court found that the clause did apply to Edward.
 {¶ 6} Edward and EFLP timely appealed the decision of the trial court on January 8, 2003. This Court then stayed the appeal upon request while bankruptcy proceedings went forth. Approximately ten months after those proceedings were voluntarily dismissed, Edward and EFLP notified this Court and the appeal was reinstated. Thereafter, Edward and EFLP have raised three assignments of error for our review.
 II. A. First Assignment of Error
"The trial court erred when it failed to find that emerson was entitled to fifty percent of the stock of emerson tool and the rights incident to being a shareholder in emerson tool."
 {¶ 7} In their first assignment of error, Edward and EFLP maintain that the trial court erred in considering parole evidence when interpreting the parties' agreement. We disagree.
 {¶ 8} We begin by noting that Edward and EFLP raised no objections to the introduction of parole evidence in the trial court. Rather, Edward and EFLP themselves introduced lengthy testimony from Edward about what the intent of the parties was when the agreements were signed. In addition, Edward testified in detail about his interpretation of each of the signed documents. In response, William and Emerson Tool presented the testimony of William which essentially contradicted Edward's testimony in all meaningful aspects. That is, William's interpretation of the agreement was vastly different than the interpretation proffered by Edward. By failing to object to the introduction of evidence of the parties' intent and interpretations of the agreement, Edward and EFLP have waived any error regarding the trial court's consideration of parole evidence. Bolin v. Bolin (Apr. 25, 1990), 9th Dist. No. 14268, at *9-*10. As Edward and EFLP have not argued that the trial court committed plain error, we decline to address that issue. Accordingly, Edward and EFLP's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred when it found emerson liable for money damages under the agreement based upon the jury's finding that there was a failure of consideration for the agreement."
 {¶ 9} In their second assignment of error, Edward and EFLP aver that the trial court erred in imposing damages for Edward's violation of the noncompete provision of the parties' agreement. We disagree.
 {¶ 10} In an interrogatory, the jury was asked:
"Did the consideration supporting the Agreement between the Plaintiffs and Defendants fail? If so, describe."
In response, the jury answered, "Yes — They both breeched (sic) the contract agreement [.]" Based upon this response, Edward and EFLP assert that the trial court was in error in awarding any damages under the agreement. We find that such an argument lacks merit.
 {¶ 11} A complete lack of consideration is a valid defense to a breach of contract. Brads v. First Baptist Church (1993), 89 Ohio App.3d 328,336.
"Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." (Internal citations omitted.) Lake Land Emp. Group ofAkron, LLC v. Columber, 101 Ohio St.3d 242, 2004-Ohio-786, at ¶ 16.
While the jury concluded that no consideration for the contract existed, their rationale does not support such a conclusion. Rather, the jury cites to breaches by both parties. We believe that the trial court properly characterized the jury's response as a finding that both parties had breached a valid agreement. The record amply supports a finding of consideration. Debts of Emerson Knife were paid off, and Edward was paid a fee for rent, utilities, and for his work as a consultant. While Edward argues that he was entitled to more under the agreement, including fifty percent ownership of Emerson Tool, this Court will not inquire into the adequacy of consideration. See Rogers v. Runfola Assoc., Inc. (1991),57 Ohio St.3d 5, 6. As such, the trial court properly concluded that damages could be awarded under the parties' agreement.
 {¶ 12} Edward and EFLP further argue that even if the contract was supported by consideration, the trial court erred in its interpretation of the noncompete provision at issue. In its entirety, the noncompete provision provides as follows:
"8.1. Covenant Not To Compete. From the Closing Date and for a period of ten (10) years thereafter, Seller, Stockholder and Edward Emerson covenant that, without the prior written consent of Buyer he will not, directly or indirectly, for any reason:
"8.1.1. engage in, assist or have any interest in, as principal, consultant, advisor, agent or financier, any business entity which is or which is about to become engaged in the manufacture of knives or knife related products in competition with the Seller within the United States of America;
"8.1.2. request any former customer or supplier of the Seller to curtail, divert or cancel business with the Seller;
"8.1.3. attempt to influence any present Seller employee to terminate such employment with the Seller; or
"8.1.4. otherwise interfere with any contractual relationship of the Seller."
In their brief, Edward and EFLP assert that "when read with the other provisions of the Agreement, a clear reading of this provision is that [Edward] agreed not to divert business from, or terminate employees form the newly formed Emerson Tool as long as he was an owner in the business."
However, such an interpretation is at odds with the plain language of the noncompete provision. As noted above, the trial court did not err in its conclusion that Edward was not entitled to an ownership interest in Emerson Tool. Further, the noncompete provision has a stated duration, ten years, and at no times does this provision reference that it will terminate if Edward leaves the company.
 {¶ 13} The jury in this matter heard testimony from all the parties involved and determined that Edward violated the noncompete provision. In a jury trial, matters of credibility of witnesses are primarily for the trier of fact; therefore, we must give deference to the jurors' judgment. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at *19; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Testimony was given below that Edward is somehow involved with Akron Knife Grinding Company and was involved with its formation. Further testimony was given that several of the customers on Emerson Knife's confidential customer list are now exclusively customers of Akron Knife. As such, competent and credible evidence existed to support the judgment, and we defer to the judgment of the jury and its finding that Edward breached the noncompete agreement. See C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; DeHass,
10 Ohio St.2d at paragraph one of the syllabus. Therefore, Edward and EFLP's second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred as a matter of law in failing to award damages to eflp for breach of the rental agreement."
 {¶ 14} In their final assignment of error, Edward and EFLP argue that the trial court erred when it failed to award damages for breach of an oral lease. We disagree.
 {¶ 15} With respect to the oral lease, the jury found that William and Emerson Tool had breached the lease. In turn, the jury awarded damages of $2,000 to Edward and EFLP for property damage. The interrogatory provided spaces for damages related to back rent and utilities. Both of these spaces were left blank by the jury. On appeal, Edward and EFLP maintain that they produced evidence at trial that demonstrated that $9,000 was owed in back rent and nearly $7,000 was owed from Emerson Tool for utilities. However, Edward and EFLP fail to support this claim with any citations to the record. See App.R. 12(A)(2). As such, "[i]f an argument exists that can support this [assertion], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 
18673, at *22.
 {¶ 16} Further, a review of the trial transcripts by this Court reveals disagreement between the parties as to whether the rent and utilities had been properly paid. As noted above, matters of credibility of witnesses are primarily for the trier of fact, and we must give deference to the jurors' judgment. See Lawrence, supra, at *19; DeHass,
10 Ohio St.2d at paragraph one of the syllabus. Here, the jury, by its answers to the interrogatories, indicated that an oral lease did exist and awarded damages under the lease to Edward and EFLP. As the evidence below is conflicting, we defer to the judgment of the jury as they were able to observe and gauge the credibility of the witnesses. Accordingly, Edward and EFLP's final assignment of error is overruled.
 III. {¶ 17} Edward and EFLP's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.